JOANNA R. MENDOZA, (Cal. State Bar No. 148320)
LAW OFFICES OF JOANNA R. MENDOZA, P.C.
P.O. Box 2593
Granite Bay, CA 95746
(916) 781-7600
(916) 781-7601 FAX
jmendoza@theiplawfirm.com

Attorneys for Defendants
THOMAS T. AOKI, M.D., and
AOKI DIABETES RESEARCH INSTITUTE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH MURRAY,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS T. AOKI, M.D. and AOKI DIABETES RESEARCH INSTITUTE, and DOES 1 – 100, inclusive,<br><br>Defendants. | CASE NO. 2:12-CV-01334-MCE-CKD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(b)(6); ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT PURSUANT TO F.R.C.P. RULE 56**<br><br>Date: September 20, 2012<br>Time: 2:00 p.m.<br>Courtroom: 7<br>Judge: Hon. Morrison C. England, Jr. |

## I.

## INTRODUCTION

The defendants THOMAS T. AOKI, M.D. ("Dr. Aoki") and AOKI DIABETES RESEARCH INSTITUTE ("ADRI") bring this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that the plaintiff, KENNETH MURRAY, cannot bring a "member" derivative action on behalf of the corporate entity ADRI, based upon theories of patent infringement or any other alleged misdeeds by ADRI directors, because ADRI does not have and never has had any "members." If ADRI has no members, and never had any members in its organizational structure, then the plaintiff is certainly not a member of that entity. In fact, it is difficult to believe that the plaintiff could even allege in good faith that he was a member of ADRI "entitled to vote" and implying he had voted before as a member when ADRI is not a membership organization.

Membership in a non-profit public benefit corporation is similar to being a shareholder – one does not usually make a mistake about one's status in this regard. One ordinarily knows if one is entitled to vote for board members of an entity and if one has voted for individuals to fill that position in the past. Given that ADRI has never had members, and only Directors have ever been entitled to vote pursuant to the bylaws, the complaint is clearly a sham that no court should be required to hear, requiring its dismissal without opportunity to amend and <u>with</u> prejudice.

## II.

## ADRI IS A CALIFORNIA NON-PROFIT PUBLIC BENEFIT CORPORATION WHICH IS NOT AND NEVER HAS BEEN A MEMBERSHIP ORGANIZATION

ADRI is a non-profit, public benefit corporation organized and existing under the laws of the State of California, and is not organized for the private gain of any person. [Request for Judicial Notice filed concurrently herewith ("RJN"), Ex. 1; Declaration of Thomas T. Aoki, M.D. filed concurrently herewith ("Aoki Decl."), ¶2.] This is not disputed between the parties, but it essentially alleged in the Complaint (ADRI "is a non-profit Corporation …for the benefit of members of the public."). [Doc.1-1, 1:23-25.] However, plaintiff adds two erroneous legal conclusions to his description of ADRI – that because ADRI is a non-profit corporation created

for the benefit of members of the public, there is "ownership by the California public" and "members who are entitled to vote." There is simply no legal authority that provides for ownership by the California public of a California non-profit public benefit corporation. Cal. Corporations Code §§5110-6910.

Whether or not an entity has "members," and, if so, whether those members are entitled to vote, is information found in either the articles of incorporation or the bylaws of an organization. Cal. Corp. Cde §§5056(a), 5310(a). When there are no members of a public benefit nonprofit corporation, any action shall only require the approval of the board of directors. Cal. Corp. Code §5310(b).

ADRI's articles of incorporation do not address whether the entity is a membership organization. [RJN, Ex. 1; Aoki Decl., ¶2.] However, the issue of membership is directly addressed in the bylaws of ADRI. [RJN, Ex. 2; Aoki Decl., ¶3.] Specifically, the ADRI bylaws, Article III, section 1, provide that the corporation is ***not a membership organization***, that there are ***no members*** other than the Board of Directors ***entitled to vote***, elect, or take official action on behalf of the Corporation, and the Board of Directors are the governing body of the Corporation. [*Id.*] This has not changed since the entity was formed in 1986, and the only individual with personal knowledge of the fact that the bylaws relied upon by ADRI have been unchanged from 1986 to the present (Dr. Aoki himself) has authenticated and confirmed this to be the case. [Aoki Decl, ¶¶1, 3.] Thus, there exists no competent evidence that could contradict the bylaws of ADRI with respect to the company's status as a non-membership organization.

## III.

## SINCE THE PLAINTIFF IS NOT A MEMBER OF ADRI THE COMPLAINT IS SUBJECT TO DISMISSAL WITHOUT LEAVE TO AMEND AND WITH PREJUDICE

### A. Plaintiff Has Not Complied and Cannot Comply With Cal. Corp Code §5223

California Corporations Code §5223 addresses actions for removal of a director of a non-profit, public benefit corporation. That statute provides that such an action may only be brought in case of fraudulent or dishonest acts or gross abuse of authority or discretion with reference to

the corporation, and it may only be brought by 1) a director, or 2) twice the authorized number of members or 20 members, whichever is less. Cal. Corp. Code §§5223(a), 5036. Since plaintiff is neither a director nor member of ADRI, the complaint must be dismissed without leave to amend. Since no claim can be made, the dismissal should be with prejudice to avoid wasting further time and resources in this or any other court.

The plaintiff asserts in the first paragraph of his Complaint that he is a "member" of ADRI, "a non-profit corporation, with Members who are entitled to vote, and ownership by the California Public for the benefit of members of the public." [Doc. 1-1, ¶1.] Plaintiff Murray recognizes that he is attempting to bring a derivative suit on behalf of ADRI, a non-profit public corporation organized and existing under the laws of the State of California. [*Id.* ¶2, 5, 9.] The relief sought by the plaintiff consists of removal of Dr. Aoki as a member of the Board of Directors and officer of ADRI, to bar Dr. Aoki from reappointment to the ADRI board of directors for 20 years, for an accounting, for a change in ownership of patents from Dr. Aoki to ADRI, for reinstatement of Greg Gilbert to the Board of Directors and as Administrative Director of ADRI, and for other forms of relief identified in the Complaint. [Doc. 1-1, pp.11-12.]

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion, the material allegations of the complaint are generally accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Office Solution* (9th Cir. 2008) 513 F.3d 1038, 1043 n.2. However, conclusory statements and legal conclusions are not entitled to a presumption of truth. *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678, 129 S.Ct. 1937, 1949-50; (quoting *Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544, 555, 127 S.Ct. 1955. "In sum, for a complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service* (9th Cir. 2009) 572 F.3d 962, 969.

"As a general rule, a district court may not consider any material beyond the pleadings in

ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles* (9th Cir. 2001) 250 F.3d 668, 688 (quotations and citation omitted). The exceptions to this rule are that: (1) a court may consider material attached to the complaint or material of uncontested authenticity that is necessarily relied on by the complaint; and (2) the court may consider information that may be judicially noticed. *Id.* at 688-89; *Swartz v. KPMG LLP* (9th Cir. 2007) 476 F.3d 756, 763. Therefore, in deciding a motion to dismiss under Rule 12(b)(6), the Court does not have to accept as true a legal conclusion couched as a factual allegation, an allegation that contradicts facts that may be judicially noticed by the Court, or conclusory allegations that are contradicted by documents relied upon in the complaint. *Papasan v. Allain* (1986) 478 U.S. 265, 286, 106 S.Ct. 2932; *Shwarz v. United States* (9th Cir. 2000) 234 F.3d 428, 435; *Warren v. Fox Family Worldwide, Inc.* (9th Cir. 2003) 328 F.3d 1136, 1139.

Within the language of the Complaint itself, the plaintiff necessary relies upon the articles of incorporation and the bylaws of ADRI as creating a nonprofit public benefit corporation with members. Cal. Corp. Code §5310(a). Even though the plaintiff does not specifically mention those two documents in his complaint, under California law (the law which plaintiff pleads the defendant corporation was formed) one of those two documents (or both) is the one which had to have created "members" for ADRI in the first place, and gave "voting rights" to the plaintiff, thereby making those documents absolutely central to the foundation of the plaintiff's claims. Since ADRI's articles of incorporation and bylaws are the foundation upon which the plaintiff relies to assert his claim as a "member" under Cal. Corp. Code §5223(b), both documents may be considered by the Court in ruling on this motion to dismiss under Rule 12(b)(6) without requiring judicial notice of those documents. *Parrino v. FHP, Inc.* (9th Cir. 1998) 146 F.3d 699, 706; *Global Network Communications, Inc. v. City of New York* (2nd Cir. 2006) 458 F.3d 150, 156-157 ("prevents plaintiffs from generating complaints invulnerable to Rule 12(b)(6) simply by clever drafting"); *Cortec Industries, Inc. v. Sum Holding L.P.* (2nd Cir. 1991) 949 F.2d 42, 47.

Even should the Court decide that the plaintiff's Complaint does not necessarily rely upon the language within articles of incorporation and bylaws to create a membership entity entitling the members with a right to vote, the two documents at issue may be considered by the

Court in a 12(b)(6) motion pursuant to the defendants' Request for Judicial Notice filed concurrently herewith. Legal authorities in support of granting judicial notice for both the articles of incorporation and the bylaws are set forth separately in the Request for Judicial Notice. "A judicially noticed fact must be one not subject to reasonable dispute in that it is ... (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. Rule Evid. 201(b). Neither document is subject to reasonable dispute, and the only individual with personal knowledge of the corporate documents from the inception of the corporate entity in 1986 to the present has authenticated them such that their accuracy cannot reasonably be questioned (e.g., there is no other person with personal knowledge who can legitimately dispute these documents). Thus, where a party requests that a court take judicial notice and supplies the court with the necessary information, the court shall take judicial notice. Fed. Rule Evid. 201(d).

Whichever basis the Court may use to consider the articles and bylaws of ADRI for purposes of defendants' motion to dismiss under Rule 12(b)(6) for failure to state a claim, as soon as the documents are considered and it is recognized that: 1) ADRI has no members, and 2) only the directors of ADRI are entitled to vote, this motion should be granted. The plaintiff is not and cannot be a member per the bylaws. The plaintiff has not alleged that he is a board member of ADRI, and he cannot amend to allege that he is a member of the board of directors. [Aoki Decl., ¶4.]

Dismissal without leave to amend is proper if it is clear that the complaint cannot be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.* (9th Cir. 2008) 519 F.3d 1025, 1031. Furthermore, dismissal ***with*** prejudice is appropriate where, as here, the plaintiff is unable to redraft the claims to avoid the issues raised by the motion and no other court would have the power to hear the case. *See Frigard v. United States* (9th Cir. 1988) 862 F.2d 201, 204.

**B. <u>Plaintiff Has Not and Cannot Plead Compliance with FRCP Rule 23.1</u>**

The defendants also move to dismiss pursuant to Rule 12(b)(6) and Rule 23.1 on the basis that the plaintiff has failed to allege in the Complaint any efforts to secure from the ADRI Board of Directors such action as the plaintiff desires through his Complaint, or the reasons for

not making such effort, nor has he alleged that he has either informed ADRI or its Board of Directors in writing of the ultimate facts of each cause of action against each defendant, or alleged that he delivered to ADRI or its Board of Directors a copy of the Complaint he proposed to file, before instituting this action. Cal. Corp. Code §5710(b)(2). These allegations are required in a derivative action in order to survive a motion to dismiss. [*Id.*; Fed.R.Civ.P. 12(b)(6), 23.1.]

The Federal Rules of Civil Procedure impose unique pleading requirements in derivative actions brought by shareholders/members seeking to vindicate the interests of a corporation. Under Rule 23.1, the complaint in a derivative action may only be brought on a corporation's behalf if the shareholder/member pleads *with particularity* "(A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and (b) the reasons for not obtaining the action or not making the effort." Fed.R.Civ.P. 23.1(b)(3). In other words, when a plaintiff concedes no demand was made, the plaintiff must then plead why the demand requirement should be excused. The demand requirements for a derivative suit are determined by the law of the state of incorporation. *Kamen v. Kemper Fin. Serv., Inc.* (1991) 500 U.S. 90, 96, 111 S.Ct. 1711; *see also Potter v. Huges* (9th Cir. 2008) 546 F.3d 1051, 1055 ("[A] putative derivative plaintiff can initiate a derivative action only if he or she makes an adequate demand on the Board under applicable state law").

In this case, the state of incorporation of ADRI is California [RJN, Ex. 1] such that California law applies. However, under the California Corporations Code provisions regarding making a demand upon the corporation or board of a non-profit public benefit corporation, the code section does not even apply until the first requirement is met as set forth in §5710(b) – that the nonprofit public benefit corporation has "members" in the first instance. Cal. Corp. Code §§5710(b), 5056(a), 5310. ADRI, however, has no members. [RJN, Ex. 2, Aoki Decl., ¶3.] Therefore, plaintiff is not and never has been a member. [*Id.*] Since the plaintiff has not been a member of ADRI, *ever*, it would be impossible for him to have complied with any part of Cal. Corp. Code §5710(b).

Insofar as the plaintiff did not plead compliance with FRCP Rule 23.1, the Rule 12(b)(6) motion to dismiss should be granted. Furthermore, since the plaintiff will be unable to amend the Complaint to comply with Rule 23.1 or Cal. Corp. Code §5710(b), the Complaint should be dismissed without leave to amend and with prejudice – the plaintiff should be estopped from initiating this same action in any other court. *Manzarek, supra,* 519 F.3d at 1031; *Frigard, supra*, 862 F.2d at 204.

## IV.

## THE UNDISPUTED FACTS ESTABLISH THAT THE PLAINTIFF IS NOT A MEMBER OF ADRI

If ADRI's articles of incorporation and bylaws are considered by the Court either as documents relied on by the plaintiff in his Complaint or for which the Court grants judicial notice, then the defendants' motion will be heard and resolved as a Rule 10(b)(6) motion to dismiss. However, if the Court refuses to consider the articles and bylaws as extrinsic evidence to the Complaint not within any exception to the general rule for 10(b)(6) motions to dismiss, then in order to consider the evidence presented the motion will need to be converted under Rule 12(d) to one for summary judgment under Rule 56. Therefore, should that be the case, the defendants request that the matter be considered a motion for summary judgment under Rule 56.

Under Rule 56, summary judgment is proper where the evidence shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. Defendants' Separate Statement of Undisputed Facts identifies two facts. The first is that ADRI is a nonprofit public benefit corporation organized under the laws of the State of California. [Sep. Stmt, Fact 1.] With this fact, the Court can apply the legal arguments presented above regarding the California Corporations Code insofar as it is the law which applies to ADRI and provides the legal framework for determining the documents that the Court must look to in order to determine whether or not ADRI has members and, if so, whether they are entitled to vote.

The second undisputed fact merely recites Article III, section 1, of the ADRI bylaws which sets forth that ADRI is not a membership organization, has no members, and that only the

board of directors is entitled to vote. [Sep. Stmt. Fact 2.] There is no legal or factual basis to dispute what the bylaws state. Furthermore, the Court is entitled to conclude from this statement in the bylaws that ADRI has no members and only board members are entitled to vote since California law under the Corporations Code makes it clear that these matters are controlled by the bylaws or articles of the entity. §§5056(a), 5310.

Therefore, based upon the legal analysis set forth more fully above, and as applied to the undisputed facts presented herein and supported by the articles of incorporation and bylaws of ADRI, the only conclusion that can be reached is that the plaintiff is not and never has been a member of ADRI, and is not and never has been entitled to vote. Therefore, pursuant to Cal. Corp. Code §5223, plaintiff cannot bring this action against the defendants, and judgment shall be entered against the plaintiff and in favor of the defendants.

## V.

## CONCLUSION

For the reasons presented hereinabove, the defendants respectfully request that the Court grant their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, their motion for summary judgment pursuant to Rule 56.

DATED: August 3, 2012

LAW OFFICES OF JOANNA R. MENDOZA, PC

/s/ Joanna R. Mendoza
JOANNA R. MENDOZA
Attorney for Plaintiffs